**MANDATE**

NHCT/CONN
02-CR-69
Donely

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

2007 APR 27 P 2: 15

SUMMARY ORDER

U.S. [COURT]
NEW [HAVEN], CT

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 30th day of March, two thousand six.

Present:   HON. WILFRED FEINBERG,
           HON. ROBERT A. KATZMANN,
           HON. REENA RAGGI,
                         *Circuit Judges.*



---

UNITED STATES OF AMERICA,

    *Appellee,*

    - v -      No. 04-1228-cr

ARTHUR PUGH,

    *Defendant-Appellant.*

---

Appearing For Appellee:  RAYMOND F. MILLER, Assistant United
             States Attorney (Sandra S. Glover, *of*
             *counsel*) *for* Kevin J. O'Connor, United
             States Attorney for the District of
             Connecticut, Hartford, CT

Appearing For Defendant-Appellant:  JULIA PAMELA HEIT, New York, NY

ISSUED AS MANDATE: 4-20-06

Appeal from a final decision of the United States District Court for the District of Connecticut (Droney, J.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

We assume the parties' familiarity with the facts and procedural history of this case. Defendant-Appellant Arthur Pugh ("Appellant") was convicted following a jury trial of possessing with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and of possessing a firearm in furtherance of this drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). He was subsequently sentenced by the district court (Droney, J.) to serve a 420-month term of incarceration for these crimes. Appellant now challenges these convictions and the sentence imposed by the district court.

Appellant first argues that the evidence presented at trial was insufficient to support the government's theory that he constructively possessed the cocaine and firearm. This contraband was discovered in and beside an air conditioner which had been left on a rooftop just outside the window to a second-floor bedroom belonging to Appellant. Appellant was found in possession of a key to the padlock securing this bedroom. There was one other bedroom that also had a window looking out over the rooftop where the contraband was found; however, the jury heard testimony that "it was not possible" to go out through that window because shards of broken glass from the window pane created a high risk of injury, and also had an opportunity to view a photograph of the window. The yard behind the house was encircled by a fence and guarded by two pit bulls. Appellant has not suggested that there was any practical way to reach the air conditioner apart from these three avenues of approach. Viewing this evidence in the light most

favorable to the government and crediting every inference that the jury might have drawn in favor of the government, as we must, *United States v. Dhinsa*, 243 F.3d 635, 648 (2d Cir. 2001), we conclude that the jury could have rationally determined that Appellant knowingly had the power and intention to exercise dominion and control over the rooftop where the drugs and gun were found. *See id.* at 676. The evidence was therefore sufficient to support the jury's verdict that Appellant constructively possessed these items.[1]

Appellant next asserts that the government's evidence was insufficient to support the jury's conclusion that he possessed the firearm "in furtherance" of a drug trafficking crime within the meaning of 18 U.S.C. § 924(c)(1)(A). The "in furtherance" requirement of this statute is met if a reasonable jury could "find beyond a reasonable doubt that possession of the firearm facilitated a drug trafficking crime . . . ; 'in furtherance' means that the gun afforded some advantage (actual or potential, real or contingent) relevant to the vicissitudes of drug trafficking." *United States v. Lewter*, 402 F.3d 319, 322 (2d Cir. 2005). Here, the gun was stored together with the drugs that Appellant possessed with intent to distribute. Under these circumstances, we have no doubt that the jury's verdict was amply supported by the evidence. *See United States v. Garner*, 338 F.3d 78, 81 (1st Cir. 2003) ("When guns and drugs are found together and a defendant has been convicted of possession with intent to distribute, the gun, whether kept for protection from robbery of drug-sale proceeds, or to enforce payment for drugs, may reasonably be considered to be possessed 'in furtherance of' an ongoing drug-trafficking crime.") (quoted

---

[1] Appellant urges that Aileen Jones's testimony that she had possessed another key to the padlock securing his bedroom, and that this key disappeared into unknown hands, necessarily defeats the government's constructive possession theory. However, the jury was not required to credit this testimony.

3

with approval in *Lewter*, 402 F.3d at 322).

Appellant next claims that he was unfairly prejudiced when Sergeant Leftwich testified that law enforcement officers had decided to conduct surveillance of Appellant at a particular location because they "knew that [Appellant] would set up his drug narcotic sales from that location." The district court had previously ruled that this testimony was admissible, but the government had subsequently informed Appellant's counsel that it would not elicit any testimony with respect to the defendant's drug transactions on the night of his arrest. Even assuming, *arguendo*, that this testimony was not admissible, the district court instructed the jury to "entirely disregard" Leftwich's statement, thereby curing whatever prejudice might have been visited upon Appellant by the introduction of this purportedly inadmissible evidence. *See, e.g., United States v. Nixon*, 779 F.2d 126, 133 (2d Cir. 1985).

Appellant's final claim with respect to his convictions is that the district court abused its discretion in permitting the government to elicit expert testimony from an ATF Special Agent about hollow-point bullets. The Special Agent testified that hollow point bullets are "designed to flatten on impact," that they are "designed for defensive purposes," and that they therefore "provide more protection" than an ordinary bullet. Appellant asserts that this testimony was both irrelevant and highly prejudicial. We disagree. We have already stated that where, as here, a gun was loaded with hollow point bullets, that fact "militate[s] against an inference of innocent use, such as target practice or hunting." *Lewter*, 402 F.3d at 322 (discussing evidence supporting a jury's conclusion that the gun had been possessed in furtherance of a drug crime). Moreover, we see no danger that Appellant was unfairly prejudiced by the dry and technical language of the testimony elicited by the government.

4

We now turn to Appellant's claims with respect to his sentence. We first reject Appellant's claim that the district court erred in declining to grant either a horizontal or vertical departure on the ground that "appellant's criminal history score substantially over-represented the seriousness of his past criminal convictions." A district court's refusal to grant a downward departure is not reviewable unless the "sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *United States v. Valdez*, 426 F.3d 178, 184 (2d Cir. 2005). Here, far from misapprehending the scope of its authority, the district court explicitly decided not to grant the requested departures. That decision is not subject to appellate review.

We also reject Appellant's argument that the district court committed some unspecified "double counting" error in taking note of his criminal history with respect to the government's 21 U.S.C. § 851 filing, which triggered a 20 year mandatory minimum on Count One, and in calculating the applicable Guideline sentencing range. Appellant did not raise this claim before the district court, and we therefore review it only for plain error. *See* Fed. R. Crim. P. 52(b). Under the terms of the then-mandatory Guidelines, the district court was required to sentence Appellant to a minimum term of 420 months, and it imposed precisely that sentence. The § 851 filing therefore did not result in the enhancement of Appellant's sentence by even a single day. Whatever the abstract merits of Appellant's "double counting" argument may be, we are confident that his substantial rights were not affected, *see United States v. Olano*, 507 U.S. 725, 734 (1993), and therefore decline to disturb this aspect of the district court's sentencing decision.

We have reviewed all of Appellant's arguments and have concluded that they are lacking in merit, with a single exception: We agree that the district court, in this pre-*Booker* sentencing

5

proceeding, committed the understandable error of treating the Guidelines as mandatory. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, we hereby **AFFIRM** Appellant's convictions on Counts One and Three of the indictment and **REMAND** this case to the district court for resentencing in accordance with our decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).

FOR THE COURT:
ROSEANN B. MacKECHNIE, CLERK
By: *Lucille Carr*

A TRUE COPY
Roseann B. Mackechnie, CLERK

by _____
DEPUTY CLERK