**ORIGINAL**

FILED

2006 JUN 15 P 1: 33

U.S. ___ ___ ___ COURT

# United States District Court
## District Of Connecticut
### At New Haven

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No.3:02-CR-69 |
| | ) | |
| Plaintiff, | ) | HON. C.F. DRONEY |
| | ) | |
| vs. | ) | MOTION FOR ORDER DIRECTING |
| | ) | DISCHARGED COUNSEL TO |
| ARTHUR PUGH, | ) | RETURN DEFENDANT'S FILE |
| | ) | AND RECORDS. |
| Defendant. | ) | |

\* \* \* \* \* \* \* \* \* \*

COMES NOW DEFENDANT-AFFIANT Arthur Pugh and deposes and states as follows:

1.)     He is the defendant in the above entitled case.

2.)     Direct review of his conviction and sentence has been completed. The Court of Appeals mandate has issued. The original record is in the District Court.

3.)     He is attempting to prepare a petition for writ of certiorari for the Supreme Court.

4.)     Documents and evidence in his "file" in possession of Attorney Julia Heit are material to Mr. Pugh's preparation of his petition for writ of certiorari for the Supreme Court and supporting argument thereto. The documents include but are not limited to (A) motions filed with the Court during the criminal proceedings, (B) discovery requests by counsel, (C) results of discovery, (D) rulings on motions by the Court, (E) transcripts of proceedings, (F) briefs filed in the direct review process, (G) orders and opinions filed in the direct review of his case, (H) personal documents and copies of personal documents received by Attorney Heit during criminal proceedings and direct review.

1

5.)     Absent the evidence and documents set forth in ¶4, Mr. Pugh cannot prepare the petition for writ of certiorari for the Supreme Court.

6.)     Attorney Heit was counsel for Mr. Pugh during direct review in the Court of Appeals but no longer represents him.

7.)     Mr. Pugh has asked Attorney Heit to release his original case file to him for copying. Attorney Heit has either refused or ignored the requests.

8.)     Under state law and Professional Rules, it is well settled that Mr. Pugh is entitled to possession of his original case file upon request.[1]

9.)     This Court has supervisory power over the members of the bar practicing before it and is mandated to ascertain that they comply, *inter alia*, with the state law and Professional Rules. *Chambers v. NASCO*, 501 U.S. 32, 43, 115 L. Ed. 2d 27, 111 S. Ct. 2123 (1991)[2] Based

---

[1] See *Who Owns the Client File?*, Charles F. Luce, Jr. (1997); ABA Model Rule of Professional Conduct 1.16(d); *Bershtein, Bershtein and Bershtein, P.C. v. Deborah Nemeth*, 221 Conn. 236; 603 A.2d 389; 1992 Conn. LEXIS 35 (Connecticut Supreme Court 1992) (citing Connecticut Rule of Professional Conduct 1.16(d)); *Matter of Sage Realty Corp. v Proskauer Rose Goetz & Mendelsohn*, 91 N.Y.2d 30; 689 N.E.2d 879; 666 N.Y.S.2d 985; 1997 N.Y. LEXIS 3697 (NY App 1997), affirmed, *Matter of Sage Realty Corp. v Proskauer Rose Goetz & Mendelsohn*, 294 A.D.2d 190; 743 N.Y.S.2d 72; 2002 N.Y. App. Div. LEXIS 5088 (NY Supreme Court 2002) (Barring a substantial showing by a law firm of good cause to refuse client access, clients should be entitled to inspect and copy work product materials, for the creation of which they paid during the course of the firm's representation); New York State Bar, Committee On Professional Ethics, Opinion 766 (9-10-03) (Former client and/or successor counsel is presumptively entitled to access all attorney files. Code: DR 2-106(A); DR 9-102(C)).

[2] The Supreme Court has characterized the inherent powers of a federal court as follows:
It has long been understood that "certain implied powers must necessarily result to our Courts of justice from the nature of their institution," powers "which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." For this reason, "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect and decorum, in their presence, and submission to their lawful mandates." These powers are "governed not by rule or statute but by the control necessarily vested in the courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."
*Chambers v. NASCO*, 501 U.S. 32, 43, 115 L. Ed. 2d 27, 111 S. Ct. 2123 (1991) (quoting *United States v. Hudson*, 11 U.S. 32, 33, 3 L. Ed. 259 (1812); *Anderson v. Dunn*, 19 U.S. 204, 5 L. Ed. 242 (1821); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631, 8 L. Ed. 2d 734, 82 S. Ct. 1386

on state law, ethical considerations and Professional Rules alone, without even considering Mr. Pugh's constitutional rights to access to court, this Court can and should order Attorney Heit to return Mr. Pugh's case file.

10.)    In addition to Attorney Heit's obligations under state law and Professional Rules, the First and Fifth Amendments to the United States Constitution, entitle Mr. Pugh to possession of the file. This is because the Attorney Heit's complained of acts and omissions are denying Mr. Pugh's "access to court" for the petition for Writ of Certiorari for the Supreme Court. *Simmons v. Dickhaut*, 804 F.2d 182, 184 (1st Cir. 1986) (records from case necessary for constitutional right of "access to court"); *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986) (same).[3]

11.)    This Court has anomalous or equitable jurisdiction over said attorney as an "officer of the court", under the reasoning of *United States v. Hubbard*, 650 F.2d 293, 303 [n.271 (D.C. Cir. 1980) and *United States v. Jones*, 852 F.2d 1235, 1237 (9th Cir. 1988), sufficient to **ORDER** the attorney to return Mr. Pugh's file to him.

---

(1961)) Key among the inherent powers incidental to all courts is the authority to "control admission to its bar and to discipline attorneys who appear before it," *id.* at 43 (citing *Ex parte Burr*, 22 U.S. 529, 6 L. Ed. 152 (1824)). See also *United States v. Siriprechapong*, 181 F.R.D. 416; 1998 U.S. Dist. LEXIS 17405 (ND CA 1998) (supervisory power of District Court may be used to preserve judicial integrity and/or to deter illegal or improper conduct); *United States v. Marshank*, 777 F. Supp. 1507; 1991 U.S. Dist. LEXIS 16888 (ND CA 1991) (same -- sanctioning attorney misconduct).

[3] *Morello v. James*, 810 F.2d 344 (2nd Cir. 1987) (same); *Carter v. Hutto*, 781 F.2d 1028 (4th Cir. 1986) (same); *Tyler v. Woodson*, 597 F.2d 643 (8th Cir. 1979) (same); *Crisafi v. Holland*, 655 F.2d 1305 (D.C.Cir. 1981) (same); *Oxendine v. Williams*, 509 F.2d 1405 (4th Cir. 1975) (same); *Stringer v. Thompson*, 537 F.Supp. 133 (N.D. 1982) (same); *Slie v. Bordenkircher*, 526 F.Supp. 1264 (ND WV 1980) (same); *Steinberg v. Taylor*, 500 F.Supp. 477 (D.Conn. 1980) (same); *Academy of Cal. Optometrists, Inc. v. Superior Court for City of Sacramento*, 51 Cal. App. 3d 999, 124 Cal. Reptr. 668 (1975) (same); *Valverde v. Stinson*, 224 F.3d 129; 2000 U.S. App. LEXIS 22908 (2nd Cir. 2000) (same -- denial of legal papers warranted equitable tolling for habeas corpus); *Gentry v. Duckworth*, 65 F.3d 555; 1995 U.S. App. LEXIS 24370 (7th Cir. 1995) (denial of legal materials denied access to court; "right of access is at its base a right to be heard"); *Clemmons v Davies*, 1996 U.S. App. LEXIS 12365 (10th Cir. 1996) (denial of legal materials stated claim of denial of access to court).

12.)    This Court has an obligation under the reasoning of *Johnson v. Avery*, 393 U.S. 483, 485 (1969) and progeny to ascertain that Mr. Pugh has access to court for the petition for Writ of Certiorari for the Supreme Court.[4]

## **RELIEF REQUESTED**

13.)    Defendant-Affiant Arthur Pugh asks this Honorable Court to issue an **ORDER** directing **Attorney Julia Heit, 142 East 16th St, New York, NY, 10003**, to return Mr. Pugh's complete original file to: **Nweynna Spears, P.O. Box 1781, Hartford, CT 06144.**

## **CERTIFICATE OF SERVICE**

14.)    Mr. Pugh has this day served **Attorney Julia Heit, 142 East 16th St, New York, NY, 10003** and the **United States Attorney, District Of Connecticut, 110 Sherman St, Hartford, CT 06105** with a true copy of this pleading by first class U.S. mail.

---

[4] Moreover, in light of case law such as *Valverde v. Stinson*, 224 F.3d 129; 2000 U.S. App. LEXIS 22908 (2nd Cir. 2000), allowing Mr. Pugh access to his case file at this point would certainly conserve scarce judicial resources by allowing him review of and disposition on the merits of all of his claims based on the complete available record.

4

## VERIFICATION

15.)    Mr. Pugh has read the foregoing and states that the facts are set forth upon personal knowledge and are true and correct.

Signed under penalty of perjury under
28 U.S.C. § 1746, this _9 th_ day
of _June_, 2006.

_Arthur Pugh_

Arthur Pugh
14579-014
P.O. Box 2000
White Deer, PA 17887

Nweynna Spears
P.O. Box 1781
Hartford, CT 06144
**United States Attorney**
District Of Connecticut
110 Sherman St
Hartford, CT 06105