UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 3:02cr69(CFD) |
| | : | |
| v. | : | |
| | : | |
| ARTHUR PUGH a.k.a. "Rock" | : | August 22, 2008 |

RESPONSE TO DEFENDANT'S MOTIONS FOR RELIEF UNDER 18 USC § 3582 AND
FOR A SENTENCE REDUCTION PURSUANT TO U.S. v. CROSBY

I. Introduction

On July 23, 2008, the defendant filed a motion requesting relief under 18 U.S.C. § 3582. The defendant is a career offender and therefore is ineligible for relief because the recent amendment to the crack guidelines did not lower his applicable guideline range. He also requested a sentence modification under United States v. Crosby, 397 F.3d 103 (2d Cir., 2003).

II. Procedural History

On September 5, 2003, a jury convicted the defendant of possession with the intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The jury also convicted the defendant of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 § U.S.C. 924(c)(1)(A).

For the Title 21 offense charged in Count 1, the PSR concluded that the defendant was a career offender and the offense level was 37. With a criminal history category of VI, the defendant was exposed to a possible term of incarceration of 360 months to life.[1] In light of the Government's filing of one notice under 21 U.S.C. § 851, there was a mandatory minimum term of incarceration of 20 years for Count One.

---

[1] The PSR concluded the defendant's criminal history was VI even without the criminal history enhancement provided by the career offender section.

Further, the PSR concluded that the defendant's conviction under 18 § U.S.C. § 924(c)(1)(A) exposed him to a consecutive term of incarceration that must be at least five years. Thus, the mandatory minimum in this case for both counts was 300 months. Under the guidelines, for both counts of conviction, the defendant was exposed to a guideline range of 420 months to life.

On or about February 26, 2004, the Court sentenced the defendant to a term of imprisonment of 35 years, which was at the bottom of the applicable range. The defendant filed a timely notice of appeal.

On March 30, 2006, the United States Court of Appeals for the Second Circuit affirmed the defendant's conviction and ordered a limited remand in this case upon consent of the Government in light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), and the Court of Appeals' decision in *United States v. Crosby*, No. 03-1675 (2d Cir. Feb. 2, 2005).

On April 24, 2006, the government filed a memo with the Court outlining the proceedings to be held with respect to the limited remand from the Second Circuit.

On or about July 28, 2008, the government received the instant request filed by the defendant's new attorney for a sentence modification under 18 U.S.C. 3582 and United States v. Crosby.

**III. The Defendant is Not Eligible for a Sentence Reduction Under 18 USC § 3582**

In this case, the defendant's sentence did not rest on the provision regarding crack cocaine in Section 2D1.1, which has been amended. The defendant was a career offender, based on his prior convictions for other drug trafficking offenses, and accordingly his base offense level was increased pursuant to Section 4B1.1. That enhancement is unaffected by Amendment 706,

and the defendant's offense level remains exactly what it was at the time of sentencing. Section 1B1.10 directs: "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10 (b)(1). Accordingly, the defendant may not receive any relief under Section 1B1.10. Courts which have addressed the career offender scenario are unanimous in so holding. See, e.g., United States v. Smith, Case No. 3:04cr226 (MRK)(Doc. 477); United States v. LaFrance, 2008 WL 447548 (D. Me. Feb. 19, 2008); United States v. Pizarro, 2008 WL 351581 (D.N.H. Feb. 8, 2008); United States v. Turner, 2008 WL 276581 (W.D. Ark. Jan. 30, 2008).

### IV. Crosby Remand

The government agrees that the Court should consider all of the factors under 18 U.S.C. § 3553(a) discussed by the defendant, but believes that such consideration should not result in the imposition of a different sentence. The defendant is unquestionably a career offender. Even without that classification, his criminal history would be VI. At the time of the original sentencing, the Court sentenced him at the bottom of the range.

According to the probation officer at the time of the original sentencing, the defendant has been incarcerated on five prior occasions.[2] As described in the Government's first sentencing memorandum, the defendant garnered multiple convictions including situations in which he assaulted his partner and child and fled from the police on more than one occasion. Notable among these prior offenses were several prior convictions for the sale of narcotics, similar

---

[2] According to the probation officer, the defendant was incarcerated from 3/23/89 to 2/8/91; from 7/16/92 to 7/26/92; from 10/27/92 to 4/21/93; from 2/10/94 to 7/27/95; and from 8/26/97 to 1/7/00.

conduct to the offense of conviction in the instant case. He was a long time, repeat drug dealer and his criminal history is replete with other evidence of prior criminal behavior. At the time of his original sentencing, the Court correctly concluded he should be sentenced in the applicable range.

### IV. Conclusion

The defendant's motion for a modified sentence should be denied.

                              Respectfully submitted,

                              NORA DANNEHY
                              ACTING UNITED STATES ATTORNEY


                              RAYMOND F. MILLER
                              ASSISTANT UNITED STATES ATTORNEY
                              157 CHURCH STREET
                              NEW HAVEN, CONNECTICUT 06510

<u>CERTIFICATION OF SERVICE</u>

This is to certify that a copy of the within and foregoing has been filed mailed this 22nd day of August, 2008 to:

John Einhorn

                              _____
                              RAYMOND F. MILLER
                              ASSISTANT UNITED STATES ATTORNEY